UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BOWERSOCK,<br><br>                  Plaintiff,<br><br>   v.<br><br>FINANCIAL ASSISTANCE, INC.,<br><br>                  Defendant. | CASE NO. 2:18-cv-00307-BAT<br><br>**ORDER DENYING MOTION TO WITHDRAW** |

Before the Court is the "Stipulated Motion to Withdraw" of Joshua Trigsted, counsel for Plaintiff Robert Bowersock. Dkt. 16. Mr. Trigsted declares that he has attempted to reach Mr. Bowersock over the past two months at his email and post office box, but has received no response. Dkt. 17. The motion to withdraw (Dkt. 16) is **DENIED**.

Local Rule 83.2 requires counsel to file a motion to withdraw, note it in accordance with LCR 7(d)(3) and serve it on the client and opposing counsel, and if the withdrawal will leave the client unrepresented, the motion must include the party's address and telephone number. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case. In this case, the discovery deadline expired on January 25, 2019 and the parties have been ordered to submit their trial briefs and exhibits by April 26, 2019, attend a pretrial conference on April 29, 2019, and be ready to begin trial on May 1, 2019. Dkts. 10 and 15.

ORDER DENYING MOTION TO
WITHDRAW - 1

1     When addressing a motion to withdraw the consent of the client is not dispositive. Rather, the district court considers a variety of factors, including: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *See Putz v. Golden*, No. C10-0741JLR, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012) (and cases cited therein).

    Counsel's request to withdraw simply comes too late in this case. In addition, counsel has failed to detail what steps he has taken to ensure that Mr. Bowersock has been advised of his intent to withdraw.

    If Plaintiff cannot go forward with this case as scheduled, the Court will entertain a motion to dismiss. Otherwise, the parties and their counsel are expected to comply with all scheduled deadlines, including the pretrial conference scheduled for April 29, 2019, and be ready to begin trial on May 1, 2019.

    Accordingly, it is **ORDERED** that the motion to withdraw (Dkt. 16) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff Robert Bowersock at his last known addresses and to counsel for the parties.

    DATED this 10th day of April, 2019.

BRIAN A. TSUCHIDA  
Chief United States Magistrate Judge

ORDER DENYING MOTION TO  
WITHDRAW - 2